UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARBARA MICHEL,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security\*; DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL J. MCCLEARY, Field Director, U.S. Citizenship and Immigration Services,<br><br>  Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | Civil No. 4:20-cv-10885-IT<br>**LEAD CASE** |
| KARINE G. PIERRE BOUCICAUT,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al.,<br><br>  Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | Civil No. 1:20-cv-10822-IT<br>**CONSOLIDATED CASE** |
| ANA MARISELA DIAZ SANCHEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al.,<br><br>  Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | Civil No. 1:20-cv-10922-IT<br>**CONSOLIDATED CASE** |

\* Pursuant to Fed. R. Civ. P. 25(d), Secretary of the U.S. Department of Homeland Security Alejandro Mayorkas has been substituted for former Acting Secretary of the U.S. Department of Homeland Security Chad Wolf in each case.

| | | |
|---|---|---|
| JOSE ANGEL ANDRADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:20-cv-10952-IT |
| | * | **CONSOLIDATED CASE** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al., | * * | |
| | * | |
| Defendants. | * | |
| | * | |
| FREDY FRANCISCO FUENTES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:20-cv-10978-IT |
| | * | **CONSOLIDATED CASE** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al., | * * | |
| | * | |
| Defendants. | * | |
| | * | |
| OSCAR OSMIN CHAVEZ DERAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:20-cv-12004-IT |
| | * | **CONSOLIDATED CASE** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al., | * * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

May 9, 2022

TALWANI, D.J.

Pending before the court is Plaintiffs' Motion for Attorney's Fees [Doc. No. 64] in the consolidated, above-captioned cases. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

2

I.      Background

Plaintiffs Barbara Michel and Karine Pierre Boucicaut are citizens of Haiti, and Plaintiffs Ana Marisela Diaz Sanchez, Jose Angel Andrade, Fredy Francisco Fuentes, and Oscar Osmin Chavez Deras are citizens of El Salvador. Each Plaintiff has been granted Temporary Protected Status in the United States. After being granted Temporary Protected Status, each Plaintiff left the country with authorization from the Secretary of the Department of Homeland Security ("DHS") and was subsequently paroled back into the United States. Each thereafter applied to the United States Citizenship and Immigration Services ("USCIS"), a sub-agency of DHS, to adjust immigration status from Temporary Protected Status to Lawful Permanent Resident. However, USCIS administratively closed each application on the basis that it lacked jurisdiction over the cases.

Plaintiffs filed individual actions pursuant the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, challenging USCIS's closing of their applications to adjust status for lack of jurisdiction. Each action named the same Defendants and presented the same legal issues: (1) whether travel on advance parole rendered Plaintiffs "arriving aliens" such that USCIS would have jurisdiction over the applications to adjust status and (2) whether the court had jurisdiction over Plaintiffs' claims. The court, with the consent of all parties, consolidated the cases for motion practice based on the filings (and supplemental filings) in Michel v. Mayorkas et al., 4:20-cv-10885-IT. See Elec. Order, Michel v. Mayorkas et al., 4:20-cv-10885-IT (D. Mass. Oct. 6, 2020) ECF No. 31; Elec. Order, Chavez Deras v. Mayorkas et al., No. 1:20-cv-12004-IT (D. Mass. Dec. 3, 2020) ECF No. 10.[1]

---

[1] All further citations to the docket are to Michel v. Mayorkas et al., No. 4:20-cv-10885-IT (D. Mass.).

3

On March 2, 2021, the court denied Defendants' Motion to Dismiss [Doc. No. 24] and granted Michel's Cross Motion for Judgment on the Pleadings [Doc. No. 33] insofar as it sought a declaration that USCIS had jurisdiction over her application to adjust status and an order directing USCIS to reopen her application and adjudicate it on the merits. Mem. & Order [Doc. No. 52]. That decision governed the outcome in the remaining cases. Id. The court entered a Judgment [Doc. No. 58] consistent with that order on May 18, 2021.

Defendants filed timely appeals in each of the cases on April 30, 2021, see e.g., Notice of Appeal [Doc. No. 54], and the cases were consolidated for appeal on Plaintiffs' motion, see Order, Michel v. Mayorkas, et al, No. 21-1356 (1st Cir. Jul. 8, 2021). On October 18, 2021, with Plaintiffs' assent, Defendants filed a motion to voluntarily dismiss the appeal, before any briefing had occurred. See Assented-to Mot. to Dismiss, Michel v. Mayorkas, et al, No. 21-1356 (1st Cir. Oct. 18. 2021). Plaintiffs reserved the right to seek attorney's fees and costs. Id. The First Circuit granted the motion and entered judgment. See USCA Judgment [Doc. No. 61].

Plaintiffs thereafter filed the pending Motion for Attorney's Fees [Doc. No. 64]. Defendants contend that an award of fees and costs is not justified, and alternatively, that the amount of fees sought is not reasonable.

## II.   Discussion

Absent action by Congress, the federal government is not liable for an opposing party's attorney's fees for two reasons. First, the so-called "American rule" provides that the prevailing party in litigation "is not entitled to collect [attorney's fees] from the loser" absent exceptional circumstances. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). Second, the doctrine of sovereign immunity shields the federal government from suit—and the requirement that it pay an opposing party's attorney's fees—

unless it expressly waives that immunity. See United States v. Mitchell, 445 U.S. 535, 538 (1980).

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is a "partial waiver" of sovereign immunity that permits awards of attorney's fees against the federal government in a variety of judicial and administrative proceedings. 28 U.S.C. § 2412(d)(1)(A). "The EAJA aims to 'ensure that certain individuals . . . will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved.'" Castaneda-Castillo v. Holder, 723 F.3d 48, 56 (1st Cir. 2013) (quoting Aronov v. Napolitano, 562 F.3d 84, 88 (1st Cir. 2009)). Accordingly, in a civil action against the United States, a court "shall award" attorney's fees to a prevailing party (other than the United States) "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust)." 28 U.S.C. § 2412(d). See also Castaneda-Castillo, 723 F.3d at 68-69.[2]

   A.    *Substantial Justification*

The test of substantial justification is one of reasonableness: the government bears the burden of showing that its case has "a reasonable basis in both law and fact" by a preponderance of the evidence. Castaneda-Castillo, 723 F.3d at 73. The court's decision to award fees under the EAJA is independent from its review of the merits of the case and requires that the court examine (1) whether the agency decision that gave rise to the litigation was substantially justified and (2) whether the government's litigation positions also were substantially justified. See Dantran, Inc. v. United States DOL, 246 F.3d 36, 41 (1st Cir. 2001) ("To satisfy its burden, the

---

[2] The application for fees must also be filed within thirty days of final judgment in the action and must include an itemized statement as to the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B).

5

government must justify not only its pre-litigation conduct but also its position throughout litigation").

Defendants contend that their administrative decisions and litigation position defending those decisions were substantially justified. The court so finds, through the entry of judgment by this court. First, the legal arguments raised in this case were novel and had not been addressed by the First Circuit. Second, while this court ultimately disagreed with Defendants' position, that position was supported by other district courts, including another session in this district. Under those circumstances, it cannot be said that Defendants' administrative decisions and legal arguments were unreasonable; to the contrary, they presented a substantial question of law.

However, Defendants offer no justification for their litigation before the First Circuit, which they ultimately abandoned. While Defendants note that Plaintiffs assented to the dismissal and agreed to bear their own costs, Plaintiffs reserved the right to file for attorney's fees under the EAJA on the appeal.

B.     *Reasonable Fees*

Having concluded that Plaintiffs are entitled to an award of attorneys' fees and costs for work undertaken on appeal, the court now considers whether the fees requested are reasonable. Under the EAJA, the amount of fees shall be awarded at the prevailing market rates for the type and quality of services performed "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Adjusting for inflation according to the Consumer Price Index for Urban Consumers, Plaintiffs calculates that they are eligible to recover fees at the following rates: $218.27 per hour for work completed in 2020, and $226.34 per hour for work completed in 2021. However, they request an enhanced rate of $500 per hour based on

the prevailing market rates for specialized and highly experienced immigration attorneys specializing in complex litigation.

Where the court is awarding fees only as to the appeal—which was dismissed prior to any briefing—the enhanced rate is not justified: no distinctive knowledge or specialized skills were required. The court accordingly awards fees at the adjusted rate of $226.34 per hour for Plaintiff's counsel.[3] And where the EAJA does not specify a statutory rate for paralegals, the court adopts the First Circuit's presumptive maximum rate of $50 per hour for compensation of paralegals under the Criminal Justice Act. See First Circuit CJA Reference Manual (Jan. 12, 2022), https://www.ca1.uscourts.gov/sites/ca1/files/CJA%20Reference%20Manual.pdf.

The court additionally finds that the number of hours for which compensation is sought is unreasonable where counsel duplicated work across the six appeals. Although some tasks needed to be performed separately in each case, such as separate phone calls to each client to discuss the appeal, other line items, such as printing the First Circuit's mandate and order, make no sense when multiplied across six cases: it is unreasonable to charge almost two hours over the six cases for printing the same documents. Where the court cannot distinguish these unreasonably duplicated fees from others that may have been reasonably incurred in each case, the court awards only those fees incurred in the lead case and the separate phone calls to the individual clients.

Accordingly, the court awards fees and costs as follows:

17.8 attorney hours incurred in 2021 at $226.34 per hour: $4,028.85

2 paralegal hours at $50 per hour: $200

---

[3] While the government opposes the enhanced rate of $500 per hour, it does not object to an adjustment to the statutory rate based on cost of living.

TOTAL: $4,228.85

III. **Conclusion**

For the reasons set forth above, the court GRANTS Plaintiffs' Motion for Attorney's Fees [Doc. No. 64] in the amount of $4,228.85. The motion is otherwise DENIED.

IT IS SO ORDERED.

May 9, 2022                                          /s/ Indira Talwani
                                                     United States District Judge